**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**CLEVELAND LOUIS JYNES**                    **CIVIL ACTION**

**VERSUS**                                   **NO. 15-1739**

**ORLEANS PARISH SHERIFF'S OFFICE ET AL.**   **SECTION "J"(2)**

**REPORT AND RECOMMENDATION**

Plaintiff, Cleveland Louis Jynes, filed the captioned suit pursuant to 42 U.S.C. § 1983, alleging that sewerage water backed up into a lower floor of Templeman Jail, Phase V, including the food service area, causing vomiting, fever, diarrhea and a sewer gas smell through the building.  Plaintiff seeks $100,000.00 in compensatory damages. Record Doc. No. 1, Complaint, at ¶¶ IV, V.

By notice dated May 29, 2015, Record Doc. No. 2, the clerk of court required plaintiff to submit a filing fee or completed pauper application within twenty-one (21) days of the date of the notice.  The record indicates that the clerk mailed this notice to the plaintiff at the address he provided on the complaint.  This notice has not been returned to the court in the mail, and no response from Jynes has been received.

Jynes has <u>not</u> notified the clerk or the court that his address has changed.  All litigants are obligated to keep the court advised of any address change. Local Rules 11.1 and 41.3.1.  In addition, the complaint form used by plaintiff to institute this action contains the following declaration dated May 9, 2015, and signed by plaintiff:  "I

understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."  Record Doc. No. 1, Complaint at ¶ VI.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court.  Hulsey v. Texas, 929 F.2d 168, 171 (5th Cir. 1991); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 749 (5th Cir. 1987).   In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order.  Markwell v. County of Bexar, 878 F.2d 899, 902 (5th Cir. 1989);  Price v. McGlathery, 792 F.2d 472, 474-75 (5th Cir. 1986).  Since the plaintiff is proceeding in this case in proper person, it is apparent that this court must weigh his actions alone in considering dismissal of this action under Rule 41(b).  A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law.  Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981); Edwards v. Harris County Sheriff's Office, 864 F. Supp. 633, 637 (S.D. Tex. 1994).  A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring

proof of more than mere ignorance. <u>Kersh v. Derozier</u>, 851 F.2d 1509, 1512 (5th Cir. 1988); <u>Birl</u>, 660 F.2d at 593.

"[T]he failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute." <u>Lewis v. Hardy</u>, 248 F. App'x 589, 2007 WL 2809969, at *4 n. 1 (5th Cir. 2007).

The court has attempted through the clerk's notice of deficiency to prompt plaintiff to provide the information necessary to prosecute his case. Plaintiff's failure to respond to the notice clearly reflects a failure on his own part to prosecute. His failure to comply with the clerk's notice and court rules establishes a clear record of delay or contumacious conduct, including the aggravating factor that it has been caused by and is exclusively attributable to plaintiff himself, justifying dismissal. <u>See</u> <u>Torns v. State of Miss. Dept. of Corrections</u>, 262 F. App'x 638, 639 (5th Cir. 2008); <u>Raborn v. Inpatient Management Partners, Inc.</u>, 278 F. App'x 402, 404-05 (5th Cir. 2008).

In an effort to afford plaintiff one final opportunity to respond, I have issued these findings and recommendation to the presiding United States District Judge. Plaintiff is advised that he may object to the magistrate judge's proposed findings and recommendation within fourteen (14) days from the date of service of this report. Plaintiff is advised that any objection should be in writing and filed with the Clerk of the

United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit. It is suggested to plaintiff that his objection should contain a short summary of the reasons that he failed to comply with the notice of deficiency.  It is further suggested that he must also provide the court with the information requested in the notice of deficiency detailed above.

Jynes is advised that failure to file written objections to the magistrate judge's findings and recommendation may and probably will result in dismissal of his suit.  A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

---

[1]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.

## RECOMMENDATION

It is **RECOMMENDED** that, if the plaintiff, Cleveland Louis Jynes, does not file written objections to these findings and recommendation, his complaint be dismissed with prejudice for failure to prosecute.

New Orleans, Louisiana, this ____2nd____ day of July, 2015.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY PLAINTIFF AT**
**THE ADDRESS OF RECORD**